```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

JAMES LEAK, FRANCESTA FREEMAN,   *
and BARBARA CLARK,
                                 *
     Plaintiffs,
                                 *
vs.
                                 *     CASE NO. 4:20-CV-275 (CDL)
US BANK NA, OCWEN LOAN
SERVICING, LLC, ALTISOURCE       *
SOLUTIONS, and PHH MORTGAGE
CORP.,                           *

     Defendants.                 *
```

O R D E R

Plaintiffs James Leak, Francesta Freeman, and Barbara Clark brought this action after Defendants US Bank N.A., Ocwen Loan Servicing, LLC, Altisource Solutions, and PHH Mortgage Corporation allegedly misapplied several loan payments and wrongfully foreclosed on Plaintiffs' properties. US Bank, Ocwen, and PHH Mortgage filed a motion for a more definite statement. For the following reasons, that motion (ECF No. 7) is granted.

DISCUSSION

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants argue that Plaintiffs' complaint is

impermissibly vague because Plaintiffs do not allege when certain acts occurred, Plaintiffs do not identify which specific property is in question, and Plaintiffs do not identify which particular Plaintiff is bringing claims against which particular Defendant. Plaintiffs failed to respond to Defendants' motion.

The Court is skeptical that Defendants need a more definite statement to answer Plaintiffs' complaint and proceed with this action. While Defendants correctly identify several deficiencies in Plaintiffs' complaint, Defendants surely have information on any loans given to each Plaintiff and can determine which properties are in question, when payments were made, and when any foreclosures occurred. But the Court acknowledges that Plaintiffs' pro se complaint is not a model of clarity and arguably does not comply with pleading requirements of the Federal Rules of Civil Procedure. Therefore, Defendants' motion for a more definite statement is granted. If Plaintiffs wish to bring the causes of action identified in their initial complaint, Plaintiffs must allege the elements of each claim, as well as facts supporting the existence of these elements. Each Plaintiff must allege their relationship to the property in question and should specifically indicate how they were damaged by each Defendant's conduct.[1] If

---

[1] Because there are multiple plaintiffs, each Plaintiff should identify, by name, which individuals are bringing each claim. Plaintiffs should likewise identify, by name, which Defendants are subject to each claim. Plaintiffs should also identify the subject properties and relevant timeframes with specificity.

2

Plaintiffs fail to respond and recast their complaint accordingly, Plaintiffs' complaint may be dismissed.

To assure that these pro se Plaintiffs fully appreciate the nature of today's order and their corresponding responsibilities, the Court makes the following observations regarding its understanding of the causes of action Plaintiffs intend to assert and the essential elements Plaintiffs must allege to state a claim for each cause of action.  First, Plaintiffs allege a wrongful foreclosure claim.[2]  For a wrongful foreclosure claim, Plaintiffs must allege facts establishing that (1) Defendants owed a legal duty to each plaintiff asserting the claim, (2) Defendants breached that duty, (3) there is a causal connection between Defendants' breach of that duty and Plaintiffs' injuries, and (4) Plaintiffs suffered damages.  *See Stewart v. Suntrust Mortg., Inc.*, 770 S.E.2d 892, 896 (Ga. Ct. App. 2015) (reciting the elements for wrongful foreclosure claim).  Plaintiffs "must also show that a foreclosure

---

[2] Plaintiffs bring claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA").  While some portions of RESPA provide a private right of action, others do not.  If Plaintiffs bring claims under RESPA provisions that do not provide a private right of action, those claims will be dismissed.  Plaintiffs also bring a claim for "intentional and negligent failure to exercise due care in servicing Plaintiff's loan."  Compl. ¶ 16.  Whether Plaintiffs can state a claim under Georgia law for this conduct (or any other claim) is not at issue today.  The Court notes, however, that "a defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law."  *Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty.*, 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) (quoting *S & A Indus. v. Bank Atlanta*, 543 S.E.2d 743, 748 (Ga. Ct. App. 2000)).

sale occurred." *Humphrey v. JP Morgan Chase Bank, N.A.*, 787 S.E.2d 303, 333 (Ga. Ct. App. 2016).

Second, Plaintiffs assert a defamation claim. Under Georgia law, "a cause of action for defamation consists of four elements: '(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm.'" *Infinite Energy, Inc. v. Pardue*, 713 S.E.2d 456, 460 (Ga. Ct. App. 2011) (quoting *Mathis v. Cannon*, 573 S.E.2d 376, 380 (Ga. 2002)). Plaintiffs must allege facts supporting each of these elements. Furthermore, "[t]he defamatory statement must be published" and "[a] plaintiff cannot prove publication without introducing evidence of the specific statement used in an allegedly defamatory communication." *Lewis v. Meredith Corp.*, 667 S.E.2d 716, 718 (Ga. Ct. App. 2008). So, Plaintiff should specify the statements that it alleges were defamatory.

Third, Plaintiffs allege that Defendants are liable for intentional infliction of emotional distress. For an intentional infliction of emotional distress claim, Plaintiffs must allege (1) intentional or reckless conduct that is extreme and outrageous, (2) a "causal connection between the wrongful conduct and the emotional distress," (3) and severe emotional distress. *Cottrell v. Smith*, 788 S.E.2d 772, 780 (Ga. 2016) (quoting *Northside Hosp.*

4

*v. Ruotanen*, 541 S.E.2d 66, 68-69 (Ga. Ct. App. 2000)). The defendant's conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Northside Hosp.*, 541 S.E.2d at 69).

Fourth, Plaintiffs assert a claim for tortious conversion. "Conversion constitutes 'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.'" *Bo Phillips Co. v. R.L. King Props., Inc.*, 783 S.E.2d 445, 448-49 (Ga. Ct. App. 2016) (quoting *Maryland Cas. Ins. Co. v. Welchel*, 356 S.E.2d 877, 880 (Ga. 1987)). For a conversion claim, Plaintiffs must demonstrate "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Id.* (quoting *Trey Inman & Assoc. v. Bank of Am.*, 702 S.E.2d 711, 716 (Ga. Ct. App. 2010)). At this pleading stage, they must allege facts supporting each of these elements.

Fifth, Plaintiffs arguably attempt to assert a claim for negligence per se based on Defendants' alleged violation of multiple statutes. "[N]egligence per se arises when a statute is violated, the person injured by the violation is within the class

of persons the statute was intended to protect, and the harm complained of was the harm the statute was intended to guard against." *Murphy v. Bajjani*, 647 S.E.2d 54, 58 (Ga. 2007). Thus, to state a claim for negligence per se, Plaintiffs will need to allege (1) the specific statute(s) they claim Defendants violated, (2) how Plaintiffs fit within the class of persons the statute was enacted to protect, and (3) why the harm Plaintiffs suffered was the type of harm the statute was designed to address.

Finally, Plaintiffs attempt to allege a claim for trespass under O.C.G.A. § 51-9-1.[3] "Liability for a trespass upon real property produced by a voluntary act is absolute and does not have to be grounded in negligence, so long as the act causing the trespass was intended." *Floyd v. Chapman*, 838 S.E.2d 99, 104 (Ga. Ct. App. 2020) (quoting *Tacon v. Equity One, Inc.*, 633 S.E.2d 599, 603 (Ga. Ct. App. 2006)). To state a cause of action under this statute, Plaintiffs must allege that "a physical trespasser 'refused to leave the [property] after being asked to leave,' or that a person 'interfered with [Plaintiffs'] possessory interest in the realty.'" *Bulluck v. Newtek Small Bus. Fin., Inc.*, 808 F.

---

[3] It is unclear what claims Plaintiffs are bringing in Counts 10 and 11 of the complaint. Count 10 is blank, and it is not apparent from the caption – "Personal Property" – which cause of action Plaintiffs intend to bring. Compl. ¶ 30, ECF No. 1-2. In Count 11, Plaintiffs allege that Defendants "broke into the . . . property committing the tort to land and personal property." *Id.* ¶ 30. This appears to be another claim for trespass and may be duplicative of Count 9. Plaintiffs should clarify which causes of action they intend to bring in their amended complaint.

App'x 698, 704 (11th Cir. 2020) (per curiam) (alterations in original) (quoting *Udoinyion v. Re/Max of Atlanta*, 657 S.E.2d 644, 648 (Ga. Ct. App. 2008)).

CONCLUSION

Defendants' motion for a more definite statement (ECF No. 7) is granted.  Plaintiffs are ordered to file an amended complaint within 21 days of today's order consistent with this Order.  If Plaintiffs fail to file an amended complaint, this action may be dismissed for lack of prosecution and failure to obey the Court's order.

IT IS SO ORDERED, this 30th day of March, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
